KENT FEEDS, INC., Appellee,

v.

Frank MANTHEI, Patricia Manthei, Jack Grubb and Diana Grubb, Appellants.

No. 01–530.

Supreme Court of Iowa.

June 12, 2002.

Lance D. Ehmcke of Heidman, Redmond, Fredregill, Patterson, Plaza, Dykstra & Prahl, L.L.P., Sioux City, for appellants.

Anthony J. Stoik of Klass, Stoik, Mugan, Villone, Phillips, Orzechowski, Clausen & LaPierre, L.L.P., Sioux City, for appellee.

NEUMAN, Justice.

This appeal concerns the enforcement of written guarantees executed by the defendants, Frank and Patricia Manthei and Jack and Diana Grubb, in favor of the plaintiff, Kent Feeds, Inc. The defendants claim that judgments on the guarantees should be set aside because (1) mandatory farm mediation has not yet occurred, and (2) this action should have been joined with a foreclosure action naming the farm corporation owned by these same defendants. Finding no merit in either of these contentions, we affirm the judgment of the district court.

The relevant facts are undisputed. The Mantheis and Grubbs are sole shareholders of a family farm corporation known as MG Family Farms, Inc. In June 1998, these defendants made and delivered written guarantees covering substantial credit extended by Kent Feeds to the corporation. At the time payment was demanded

on the guarantees, the corporation's outstanding indebtedness totaled $603,750. Pursuant to identical language in each guaranty, each couple jointly and severally guaranteed payment of one-half of the debt, or $301,875, plus interest.

Kent Feeds brought this action on the guarantees in Woodbury County while simultaneously seeking to foreclose on notes and mortgages given by MG Family Farms, Inc. on agricultural property situated in Plymouth County. The defendants moved to dismiss, claiming the mandatory mediation provisions of Iowa Code chapter 654A (1999) prevented Kent Feeds from suing on the guarantees before securing a mediation release. As an alternative ground for dismissal, they claimed the actions to foreclose and to enforce the guarantees were duplicative, requiring dismissal of this action against the defendants. The district court denied both motions.

After defendants filed their answer, Kent Feeds moved for summary judgment. Defendants responded by renewing the grounds urged in their unsuccessful motions to dismiss. Finding no defense to the unconditional guarantees, the court entered judgment against each couple for the amount prayed. This appeal followed.

## I. Scope of Review.

We review the district court's summary judgment for the correction of legal error. *Carr v. Bankers Trust Co.*, 546 N.W.2d 901, 903 (Iowa 1996). Summary judgment is appropriate when the record, viewed in the light most favorable to the resister, reveals that no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Id.*

## II. Issues on Appeal.

*A. Mandatory mediation.* The defendants contend that the district court

read the farm mediation statute too narrowly and, if properly interpreted, the statute would require Kent Feeds to engage in mediation before proceeding to judgment. Kent Feeds persuaded the district court, and urges on appeal, that the defendants' demand for mediation is, at best, premature. We agree.

The controversy is governed by Iowa Code chapter 654A. Generally speaking, the chapter applies to creditors holding *secured* debt of twenty thousand dollars or more against an individual or corporate borrower engaged in farming or other agricultural pursuits. Iowa Code § 654A.4. Pertinent to this appeal, the statute's mandatory mediation provision states:

> A creditor subject to this chapter desiring to initiate a proceeding to enforce a debt against agricultural property which is real estate under chapter 654, to forfeit a contract to purchase agricultural property under chapter 656, to enforce a secured interest in agricultural property under chapter 554, or to otherwise garnish, levy on, execute on, seize, or attach agricultural property, shall file a request for mediation with the farm mediation service. The creditor shall not begin the proceeding subject to this chapter until the creditor receives a mediation release . . . .

*Id.* § 654A.6(1)(a).

Applying this statute to the undisputed facts sketched above, it is apparent that Kent Feeds' action on Mantheis' and Grubbs' guarantees does not fall within the types of actions requiring a mediation release before proceeding to court. First, the guarantees executed by the defendants are unsecured. *Cf. id.* § 654A.4 (applying statute to creditors with "secured debt"). Each guaranty merely confirms the guarantor's obligation to "unconditionally guarantee[ ] the prompt and full pay-

ment and performance of [the] Debtor's ... obligations." None of the defendants' personal or real property, agricultural or otherwise, is pledged as security for the guarantee.

Even assuming the threshold requirement of section 654A.4 had been met here, the further provisions of section 654A.6 would defeat defendants' argument. Mediation is compelled only in those enforcement actions enumerated in the statute—mortgage foreclosure, contract forfeiture, enforcement of a secured interest in agricultural property, or attachment or execution on agricultural property. *See id.* § 654A.6. Here, Kent Feeds seeks only personal judgment against the defendants on their individual guarantees. Nothing in the statute prevents a creditor like Kent Feeds from obtaining personal judgment against a guarantor without first engaging in mediation or obtaining a release of that obligation.

Defendants argue strenuously that because all of their assets, real and personal, are agricultural in nature, any action against them is ultimately secured by agricultural property and, therefore, subject to mediation. To read chapter 654A more narrowly, they argue, ignores the reality of a family farming operation and undermines the statute's beneficial purpose—"to give some relief to farmers in dire financial straits." *First Nat'l Bank v. Heimke,* 407 N.W.2d 344, 346 (Iowa 1987). We disagree. In order to accept defendants' argument, we would have to ignore unambiguous conditions that plainly limit the mediation statute's reach. We decline to do so.

As the district court correctly noted, section 654A.6 may well be triggered if, and when, Kent Feeds attempts to enforce its judgments. But for purposes of the proceedings before us, we are convinced the district court properly interpreted and applied sections 654A.4 and .6. The guarantees at issue were not secured by "agricultural property," real or personal, as defined by section 654A.1. Based on the record under review, statutory mediation cannot be compelled.

■ *B. Duplicate judgments.* Defendants also cite error in the court's failure to consolidate this action on the personal guarantees with the pending farm foreclosure proceedings in Plymouth County. The court's failure to consolidate, defendants argue, has resulted in two judgments for the same debt and, in their words, "deprive[d] the Mantheis and Grubbs of the opportunity to resolve the current dispute through farm mediation."

■ Defendants' argument rests on the rule that, when separate causes of action share common questions of law or fact, consolidation may be ordered unless a party will suffer prejudice as a result. Iowa R. Civ. P. 1.913 (formerly Iowa R. Civ. P. 185). But rulings on such requests are discretionary with the court, *see id.,* as consolidation is merely a method of achieving judicial economy in the proper case. *IBP, Inc. v. Harpole,* 621 N.W.2d 410, 416 (Iowa 2001); *see Sykes v. Waring,* 228 Iowa 1047, 1055, 293 N.W. 14, 17 (1940); *Brooks v. Paulson,* 227 Iowa 1359, 1361, 291 N.W. 144, 145 (1940). To prove abuse of discretion, it must be shown that the court's decision rested on clearly untenable reasons or grounds. *Equity Control Assocs., Ltd. v. Root,* 638 N.W.2d 664, 674 (Iowa 2001). Defendants have not made that showing here.

■ Although defendants contend "the realities of family farm ownership" dictate otherwise, it appears undisputed that Kent Feeds' action on the guarantees stands separate and apart from its action against MG Family Farms, Inc. It is true, as Kent Feeds concedes, that both suits involve the

same indebtedness. But, by its very nature, an unconditional guarantee imposes liability upon the guarantor immediately upon default of the principal debtor regardless of whether legal proceedings are pursued to enforce the principal debtor's liability. *Preferred Inv. Co. v. Westbrook,* 174 N.W.2d 391, 395 (Iowa 1970). And it has long been held that suits against a principal debtor and the guarantors need not be joined, particularly where their liabilities arise from separate instruments. *Griffin v. County of Grundy,* 10 Iowa 226, 227 (1859); *see Marvin v. Adamson,* 11 Iowa 371, 373 (1860) (makers and indorsers who are severally liable on *same* instrument *may* be joined in same action); *Mix v. Fairchild,* 12 Iowa 351, 351 (1861) (same).

We have already considered, and rejected, defendants' claim that, for purposes of compelling mediation, the court should disregard the legal distinction separating the farm corporation from its individual shareholders/guarantors. That brings us to defendants' final argument: that the trial court erroneously disregarded the "inevitability" of two judgments being rendered in Kent Feeds' favor. Without citing authority for this proposition, they claim it was "wholly improper" for the court to permit "duplicate judgments on the same debt, one against the primary borrower, and another against the farm families." But as the trial court wisely noted, refusal to dismiss this independent action against the guarantors does not mean Kent Feeds will be entitled to two recoveries on the same debt. In the unlikely event Kent Feeds effects recovery in excess of the sums due, defendants may move to discharge the judgment "in whole or in part, according to the circumstances." Iowa R. Civ. P. 1.1016 (formerly Iowa R. Civ. P. 256). That scenario, however, is not before us.

We therefore affirm the judgment of the district court.

**AFFIRMED.**