# IN THE COURT OF APPEALS OF IOWA

No. 20-0761
No. 20-1006
Filed November 23, 2021

**SHAWN SHELTON,**
      Plaintiff-Appellant,

**vs.**

**THE TRUST CREATED BY THE JOINT TRUST AGREEMENT OF LARRY E. SHELTON and KATHERINE SHELTON, MARY JOLEEN PAVELKA, JAN MARIE GWINN, and ANN JETORA MUELLER f/k/a JETORA ANN MUELLER,**
      Defendants-Appellees.

_____

**SHAWN P. SHELTON,**
      Plaintiff-Appellant,

**vs.**

**JAN MARIE GWINN, ANN JETORA MUELLER, and MARY JOLEEN PAVELKA,**
      Defendants-Appellees.

_____

Appeals from the Iowa District Court for Polk County, Jeffrey Farrell and Robert B. Hanson, Judges.

In these consolidated appeals, the son of the trust settlors challenges the grant of summary judgment to his sisters, the trustees, and the dismissal of his petition to vacate a judgment. **FIRST APPEAL AFFIRMED; SECOND APPEAL DISMISSED AS MOOT.**

Shawn P. Shelton, Fort Madison, self-represented appellant.

Drew J. Gentsch of Whitfield & Eddy, P.L.C., Des Moines, for appellees individually.

Chad Eichorn of Pearson Bollman Law, West Des Moines, for appellee trust.

Considered by Tabor, P.J., and Greer and Badding, JJ. May, J., takes no part.

**TABOR, Presiding Judge.**

Shawn Shelton continues to challenge the trust documents executed by his parents that split their estate among his three sisters.  In July 2018, he sought a declaratory judgment and accounting against his parents' trust.  Our court found Shawn's action was time-barred and remanded to the district court for entry of summary judgment for the sisters, who were trustees.  *Shelton v. Tr. of Larry E. Shelton and Katherine Shelton*, No. 19-0260, 2020 WL 824152, at *4 (Iowa Ct. App. Feb. 19, 2020).  Now Shawn brings two more appeals.  In No. 20-0761, which challenges the declaratory judgment dismissal, Shawn contends the district court lacked jurisdiction to rule on several motions, should have granted him a new trial, and should have taken judicial notice of admissions by his sisters that he was a trust beneficiary.  In No. 20-1006, he alleges the court erred in denying his motion to consolidate his declaratory judgment action with his petition to vacate the summary judgment ruling.  At Shawn's request, we consolidate his two appeals.  Finding no error in the district court's rulings that are challenged in No. 20-0761, we affirm.  And finding the issue raised in No. 20-1006 to be moot, we dismiss that appeal.

## I.  Facts and Prior Proceedings

Shawn Shelton is serving a life sentence in prison.  *See State v. Shelton*, No. 19-0555, 2021 WL 3074480, at *1 (Iowa Ct. App. July 21, 2021) (rejecting challenge to his 1990 convictions for first-degree murder and attempted murder).  This appeal concerns the trust of his parents, Larry and Katherine.[1]

---

[1] Because several parties share a last name, we will use first names when needed for clarity.

Our court previously set out these background facts:

> In 1999, Shawn's parents, Larry and Katherine, executed an agreement that established a joint trust as part of their estate planning. The trust identified Larry and Katherine's five children— including Shawn. The trust provided that, after Larry and Katherine's deaths, the trust's assets were to be divided into five equal shares, with all the children but Shawn receiving one-fifth of the trust's assets. The remaining one-fifth portion was to be divided in half, with fifty percent to be distributed to Shawn's child and the remaining fifty percent to be held in trust for Shawn "until he is released from prison or is no longer incarcerated."

*Shelton*, No. 19-0260, 2020 WL 824152, at *1.

Larry died in May 2016,[2] and Katherine in June 2017. After their deaths, Shawn learned of two amendments Larry and Katherine made to the trust. *Id.* In short, those amendments removed Shawn, Shawn's son, and Shawn's brother as beneficiaries. *Id.* at *2. They divided the trust assets into three equal shares and allocated one share to each of the Sheltons' daughters: Jan Gwinn, Ann Mueller, and Mary Pavelka. *Id.*

In July 2018, more than a year after Katherine's death, Shawn moved for declaratory judgment to determine the status of the beneficiaries of his parents' trust. Shawn asserted his father told him that as "the eldest male child" he would be the sole beneficiary of the trust after their deaths. Shawn's motion alleged the second trust amendment was invalid.

Shawn's sisters, the trustees, moved for summary judgment asserting Shawn filed his challenge too late. *See* Iowa Code § 633A.3108 (2017) (requiring contest to validity of a trust to be filed no later than one year following the settlor's death). On February 4, 2019, the district court denied the trustees' motion for

---

[2] Katherine had a life use and other benefits of the trust until her death.

summary judgment, finding that trust code provision did not apply. *Shelton*, 2020 WL 824152, at *2. The trustees appealed. The supreme court granted interlocutory review and transferred the case to our court. *Id.* at *3.

Meanwhile, the district court granted the trustees' motion to stay litigation in the district court while the appeal was progressing. Ignoring that stay, Shawn filed a series of self-represented motions, including an application to lift the stay and a motion to compel production of documents. The district court denied those motions, citing the stay.[3] The court explained: "Upon conclusion of the appeal and the lifting of the stay, such matters can be brought to the attention of the court by the parties, should the appeal not be dispositive."

Indeed, the appeal was dispositive. We directed the district court to enter summary judgment for the trustees because Shawn's petition was untimely. *Id.* On April 16, 2020, the district court entered that summary judgment order and dismissed the case.[4] On May 8, 2020, Shawn moved for reconsideration of the April 16 order, arguing he was entitled to rulings on his "post-judgment motions."

---

[3] While this declaratory judgment action was stayed, Shawn petitioned to vacate or modify the February 4, 2019, summary judgment order, though the court had ruled in his favor. He alleged "extrinsic fraud" and "procedural irregularities" in the proceedings provided an unfair advantage to the trustees. The clerk of court docketed this petition under a different number than the declaratory judgment action, so it proceeded separately. On March 18, 2020, one month after we issued our decision reversing the denial of summary judgment, Shawn moved to consolidate the two district court cases. The trustees moved to dismiss Shawn's petition to vacate, which the district court granted. Shawn's August 2020 appeal of that dismissal was assigned No. 20-1006.

[4] The court also ordered that Shawn pay the trustees a portion of their substantial attorney fees as well as all court costs. Shawn filed several motions on the attorney fees that were handled after the filing of the notice of appeal. The district court retains jurisdiction to handle attorney fee matters.

That same day, the district court denied the motion, pointing out the redundancy of Shawn's arguments:

> [The trustees] filed a motion for summary judgment asking for all claims to be dismissed. The district court denied that motion.
>
> [The trustees] filed an appeal. The district court entered a stay, as it would make no sense to conduct further discovery and potentially a trial if the Iowa Supreme Court accepted the appeal and granted summary judgment.
>
> The supreme court did accept the appeal. The case was referred to the Iowa Court of Appeals, which reversed the district court and directed the court to enter judgment in favor of [the trustees]. The supreme court declined further review, so the case was remanded to the district court to enter judgment. I did that on April 16, 2020.
>
> That's it. The parties made their arguments at the district court. The case went up on review to the appellate courts, where the parties made argument again. The appellate courts have spoken. [Shawn] lost and [the trustees] won. That's the way litigation works. All cases eventually end with a winner and a loser. This case is now done.

Ever persistent, Shawn appealed "the final order entered in this case on the 16th day of April, 2020 and from all adverse rulings and orders inuring therein." Following that July 2020 notice of appeal, Shawn filed at least fifteen more motions in the district court, each of which was ultimately denied.

Shawn did not limit his filings to the district court. Before submission of his appeal, Shawn filed several motions with the supreme court, including a request to consolidate his two pending appeals. The trustees resisted, and Shawn withdrew his motion. The supreme court transferred both appeals to our court. And Shawn again moved to consolidate. The trustees again resisted, noting that the parties to the two appeals were not identical.[5] We ordered the motion to

---

[5] The trustees explain that Shawn did not properly serve his sister Mary Pavelka with notice in the matter underlying appeal No. 20-1006.

consolidate to be submitted with the appeal. We now find consolidation is proper despite the slight difference in the parties. Consolidation is a means to achieve judicial economy. *Cf. Kent Feeds, Inc. v. Manthei*, 646 N.W.2d 87, 90 (Iowa 2002) (discussing Iowa Rule of Civil Procedure 1.913 governing consolidation of trial court actions "which involve common questions of law or fact"). Because the trustees are not prejudiced by the consolidation, we choose to address both appeals in this opinion.[6]

## II. Scope and Standards of Review

We review trust proceedings de novo. *In re Steinberg Fam. Living Tr.*, 894 N.W.2d 463, 468 (Iowa 2017). But we review denials of new-trial motions for an abuse of discretion. *In re Marriage of Wagner*, 604 N.W.2d 605, 609 (Iowa 2000).

## III. Discussion

### A.      Appeal No. 20-0761

Shawn claims the district court erred in treating our court's remand order as a "final judgment" rather than "an interlocutory order" when it denied his pending motions.[7] Shawn carried out a prolific motion practice. Between the district court's imposition of the stay and dismissal following remand, Shawn filed seventeen motions on various subjects. The district court denied several motions, citing the stay. When we issued our decision in late February 2020, ten motions were

---

[6] The trustees include in their appellate briefing a motion to dismiss, arguing that because the district court found that Shawn is not a beneficiary "he lacks standing to prosecute the instant appeal" under Iowa Code section 633A.6202. We reject that argument. At its core, Shawn's appeal contests the district court's finding that he is not a beneficiary.

[7] Shawn calls them post-judgment motions. But they were filed during the stay awaiting the appeal decision.

pending.[8]  Shawn argues the district court lacked jurisdiction to rule on those

motions.  He cites the language of the district court's March 26, 2020, order:

> the Court of Appeals decision constitutes *final action* in this case,
> absent the Iowa Supreme Court taking further review.  Accordingly,
> all motions are deemed denied based on the current case status.  If
> (and only if) the Supreme Court takes further review and reverses
> the decision of the Court of Appeals, this court will take up motions
> at that time.

(Emphasis added.)  Contrary to Shawn's interpretation, the district court did not

treat our remand decision as a final order or conclusively rule on the pending

motions in that March 26 order.  Rather, the court "deemed" the pending motions

denied because our decision rendered them moot by directing a grant of summary

judgment for the trustees.  That decision was the "final action" in the case because

the district court must follow appellate court directives.  *In re Marriage of Davis*,

608 N.W.2d 766, 769 (Iowa 2000) ("When, as here, an appellate court remands

for a special purpose, the district court upon such remand is limited to do the

special thing authorized by the appellate court in its opinion and nothing else.").

The district court clarified the situation could change if the supreme court granted

further review.  It didn't.  Procedendo issued on April 16, 2020, and the district

court entered summary judgment for the trustees the same day.

---

[8]  Those filings included a motion for injunction; a request for order enjoining/suspending proceedings; a motion for injunction; a motion to strike untimely resistance to motion for injunction; a motion for order granting temporary injunction; a motion to strike trustees' motion for sanctions for frivolous pleadings; an application for rule to show cause of contempt; a resistance to trustees' motion to strike pleadings; a request for procedural order or status hearing; a motion for additional time to file post-judgment motions; a motion to strike reference to trust as a defendant; and a motion for judicial notice of agreement of parties.

That summary judgment order, following our directions, constituted a final adjudication. *See Mid-Continent Refrigerator Co. v. Harris*, 248 N.W.2d 145, 146 (Iowa 1976) ("[A] summary judgment dispositive of the entire case is a final adjudication from which appeal may be taken."). And because the order dismissing the petition resolved all issues in the pending motions, the court properly denied them. We need not examine the merits of Shawn's procedural motions because his overarching claim was untimely. The district court properly dismissed his action and denied the remaining motions.

Shawn's next contention runs into a similar dead end. He argues the district court should have granted a new trial based on his wide-ranging allegations of fraud. The problem is, Shawn admittedly never filed a motion for new trial. But he insists the court should have viewed his various filings as motions for new trial based on newly discovered evidence. He points to his motions to lift the stay, to compel discovery, and for an injunction, as well as his petition to vacate the judgment. *See* Iowa Rs. Civ. P. 1.1004(7) (allowing aggrieved party a new trial based on "[m]aterial evidence, newly discovered" that affects the party's "substantial rights"), .1013(1) (allowing vacation or modification of a judgment and grant of new trial based on new grounds, if filed and served within one year).

But none of those motions could fairly be read as a motion for new trial. And even if they could, a new trial was unavailable because Shawn's original claim was untimely. So we reject his new-trial argument as both not preserved and moot. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *Homan v. Branstad*,

864 N.W.2d 321, 328 (Iowa 2015) ("A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent.").

In Shawn's last contention, he tries to show that the trustees conceded the allegations in his original petition for declaratory relief that he was a beneficiary. He filed many motions in the district court urging those same concessions. The district court rejected them both before and after the remand decision. The issue is now moot because the district court dismissed Shawn's petition after granting summary judgment to the trustees. *See Homan*, 864 N.W.2d at 328.

### B. Appeal No. 20-1006

In December 2019, Shawn petitioned to vacate the February 4, 2019 ruling denying summary judgment, despite being the prevailing party, based on the same alleged "extrinsic fraud" and "fraudulent concealment." After our February 2020 appellate decision, the trustees moved to dismiss that petition.[9] The district court granted their motion finding Shawn lacked standing to challenge the validity of trust because he was not a beneficiary. Alternatively, the court held it could not provide Shawn "any reprieve for his alleged injuries due to his failure to challenge any modification to the trust within the statute of limitations period applicable to his

---

[9] The court read the motion to dismiss as a motion for summary judgment, for which the remedy is also dismissal. On appeal, Shawn notes the court mistakenly mentioned he filed this petition to vacate after the 2020 appellate decision. On our review, this mistake had no effect on the outcome of the petition. The appellate decision was filed, and procedendo had issued, by the time the court made its decision. And that statement does not affect the validity of the July 13 (dismissal) or July 24 (attorney fees) orders.

claims." The court also granted the trustees' request for attorney fees, finding Shawn's filings were "in bad faith, frivolous and harassing."

Like the district court, we decline to grant Shawn relief—but we do so based on mootness rather than standing.[10] Our court reversed the ruling that Shawn petitioned to vacate and directed summary judgment for the trustees—along with dismissal of his declaratory judgment action. *Shelton*, 2021 WL 3074480, at *3. Now Shawn contends the district court erred in not granting his motion to consolidate the two actions before our decision functionally vacated the underlying ruling. But an opinion on consolidation would not save Shawn's challenge to the trust from dismissal. *State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 324 (Iowa 1975). The dismissal rendered all issues in the pending motions nonexistent. *See, e.g.*, *Martin-Trigona v. Baxter*, 435 N.W.2d 744, 745 (Iowa 1989) (explaining case is moot when it "no longer presents a justiciable controversy because the issues involved have become academic or nonexistent"). The same is true for his petition to vacate. The February 4 ruling was vacated as a function of Shawn's untimely challenge. So any resolution of the fraud claim would not affect the underlying controversy.

---

[10] We reject the district court's standing analysis because the petition sought to vacate an order allowing Shawn to go to trial on his allegations of fraud in the trust documents. We conclude he had a "right to make a legal claim or seek judicial enforcement" of that order. *Standing*, Black's Law Dictionary (11th ed. 2019). Instead, we find his claims were rendered moot by our appellate decision.

We affirm on the first appeal and dismiss the second appeal.

**FIRST APPEAL AFFIRMED; SECOND APPEAL DISMISSED AS MOOT.**